### UNITED STATES v. BAUSCH & LOMB OPTICAL CO. et al.

District Court, S. D. New York.

July 26, 1940.

Samuel S. Isseks, Sp. Asst. to the Atty. Gen. (Hugh B. Cox, James C. Wilson, and Monroe Karasik, all of Washington, D. C., of counsel), for plaintiff.

Gifford, Woody, Carter & Hays, of New York City (C. Lansing Hays, of New York City, of counsel), for defendant Carl Zeiss, Inc.

CONGER, District Judge.

The defendant Carl Zeiss, Inc., has demurred to the indictment herein and asks for judgment dismissing the indictment against it on the ground that the indictment does not set forth any crime or indictable offense on the part of Carl Zeiss, Inc.

The indictment charges this defendant and other defendants with being engaged in a wrongful and unlawful conspiracy in restraint of interstate and foreign trade in military optical instruments in violation of Section 1 of the Act of Congress of July 2, 1890, 15 U.S.C.A. § 1, entitled "An act to protect trade and commerce against unlawful restraints and monopolies."

It will not be necessary to set forth the particulars of the alleged conspiracy. They are set forth in paragraphs 15, 16 and 17 of the indictment.

It will be necessary to refer to only three defendants, as follows: Bausch & Lomb Optical Company, a corporation organized and existing under the laws of the State of New York; Carl Zeiss, a corporation or

association existing under the laws of Germany; and this defendant Carl Zeiss, Inc., a corporation organized and existing by virtue of the laws of the State of New York.

I think the indictment against this defendant should stand.

The attorneys for this defendant have presented an extremely interesting argument, but it is one, in my opinion, that is addressed entirely to the merits of the case.

The sole question before this court is whether or not the indictment itself contains sufficient allegations against this defendant so that it is properly chargeable with a crime. The crime charged is a conspiracy. It is too well known to require precedent, that all the actors in an alleged conspiracy may not take part in all the activities of the conspiracy. Each actor may have his individual part, to a greater or lesser degree. If the act, or omission to act, was done pursuant to the terms and agreement of the conspiracy, then that actor is equally liable with that actor who may have a greater responsibility in carrying out the conspiracy. It is not necessary that all the actors of the conspiracy be in it from the start. After the conspiracy is started, others may join.

I think it is true that the main actors in this alleged conspiracy are Bausch & Lomb, and Carl Zeiss. I gather from the allegations of the indictment that these two are charged with conspiring to divide the world trade in military optical instruments, and by the alleged unlawful agreement they have thereby restrained interstate and foreign commerce in these instruments, and have exacted arbitrary, artificial and unreasonable and non-competitive prices in military optical instruments, and have restrained vigorous competition in the military optical instruments in interstate and foreign commerce.

As hereinbefore stated, the question before this court is whether or not this defendant did participate in this alleged conspiracy, and did something, or failed to do something, in order to carry out the terms of the alleged conspiracy, and whether or not it is properly charged in the indictment.

The charge is set forth in paragraph 16 of the indictment, and there this defendant is charged with the other defendants in having been "continuously engaged during and throughout the periods of time aforesaid in an unlawful combination and conspiracy to suppress and limit competition between themselves by agreeing * * *." Then follows the various allegations as to what the agreement was.

Paragraph 17 sets forth the various acts done by the defendants in the alleged consummation of the agreement of said conspiracy, and the part particularly relative to this defendant is: "(h) At all times subsequent to on or about December 11, 1925, to and including the three years next preceding the date of the return of this indictment, Carl Zeiss, Inc. has refused to sell military optical instruments for use in the United States."

Defendant's contention herein is that the refusal on the part of this defendant to sell military optical instruments which it never manufactured, produced, imported, owned, handled or dealt in is not an indictable offense. I think that is absolutely correct. That alone means nothing.

However, one must take into consideration that this charge should be read in connection with the whole indictment and the beginning of paragraph 17, which reads as follows: "Said unlawful combination and conspiracy has been effectuated by divers means and methods, including among others the following * * *."

So that we have the charge of the alleged conspiracy on the part of these defendants, and further, that for the purpose of carrying out this conspiracy, this defendant refused to sell military optical instruments. This puts an entirely different construction on defendant's omission to sell, particularly when we consider that this defendant allegedly is a wholly-owned subsidiary of defendant Carl Zeiss, and completely dominated, controlled and operated by Carl Zeiss, and was the instrumentality through which Carl Zeiss carried on business in the Southern District of New York.

I consider that the indictment charges this defendant with refusing to sell these instruments because of the conspiracy, and for the purpose of carrying out the conspiracy.

Demurrer overruled. Settle order on notice.